UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD ANDREW WHITE,<br><br>           Plaintiff,<br><br>   v.<br><br>STATE OF CALIFORNIA,<br>et al.,<br><br>           Defendants. | 1:08-cv-00370-LJO-SMS<br><br>FINDINGS AND RECOMMENDATION TO REQUIRE PLAINTIFF TO PAY THE FILING FEE |

Plaintiff is proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I. <u>Plaintiff's Ineligibility to Proceed in Forma Pauperis</u>

On March 14, 2008, Plaintiff filed a complaint in which he asserted that this Court's charging him a filing fee was a violation of unspecified constitutional rights and his right to proceed pursuant to 42 U.S.C. § 1983. Plaintiff did not pay the filing fee or submit an application to proceed in forma pauperis.

The Prison Litigation Reform Act provides that "[i]n no

1

event shall a prisoner bring a civil action. . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A "prisoner" as used in § 1915 "means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Plaintiff's address, as reflected upon his complaint and the docket of this Court,[1] is the California Correctional Institution at Tehachapi (CCI). Further, Plaintiff's address reflects a "CDC/BKG#" of D-50298, which the Court interprets as a booking number for the California Department of Corrections. Drawing reasonable inferences, the Court finds that Plaintiff is now and was at the time of filing the instant action a prisoner incarcerated in a facility.

"Strikes" under the statute are prior cases or appeals, brought while the Plaintiff was a prisoner, which were dismissed

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir. 1981); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980).

2

1  on the ground that they were frivolous, malicious, or failed to
2  state a claim. Lira v. Herrara, 427 F.3d 1164, 1170 n. 7 (9th
3  Cir. 2005).
4      The dockets of this Court reflect that three prior actions
5  of Plaintiff, filed while he was incarcerated at CCI, were
6  dismissed for failure to state a claim upon which relief might be
7  granted: White v. Calderon, 1:03-cv-05581-AWI-DLB, was dismissed
8  on November 20, 2003, for failure to obey a court order and
9  failure to state a claim upon which relief might be granted, and
10 judgment was entered on November 21, 2003; White v. J. Lanham,
11 1:03-cv-05568-OWW-DLB, was dismissed on December 16, 2003, for
12 failure to obey a court order and failure to state a claim upon
13 which relief might be granted, and judgment was entered on
14 December 17, 2003; and White v. D. Barker, 1:03-cv-05877-OWW-WMW,
15 was dismissed on May 12, 2004, for failure to obey a court order
16 and for failure to state a claim upon which relief may be
17 granted, and judgment was entered on May 13, 2004. In the last
18 case, White v. D. Barker, the findings and recommendations of the
19 Magistrate Judge were to dismiss the action because of failure
20 state a claim upon which relief may be granted; Plaintiff's
21 initial complaint was dismissed with leave to amend because
22 Plaintiff had not stated a claim, and Plaintiff had failed to
23 file an amended complaint as directed by the Court. The Court's
24 order dismissing the action stated that the action was dismissed
25 for failure to obey an order of the Court. However, it is clear
26 that the order in question that was disobeyed was the order to
27 file an amended complaint in which a claim was stated. Further,
28 the order of dismissal adopted the Magistrate Judge's findings

and recommendation "in full." (Order of May 12, 2004, p. 2.) Accordingly, the Court understands the dismissal in <u>White v. Barker</u> to have been for failure to state a claim upon which relief may be granted.

The dockets and filed documents in the previously dismissed cases all reflect that the Plaintiff was an inmate of CCI at all pertinent times. Therefore, the Court concludes that Plaintiff was a prisoner at the time the actions were brought.

The Court has reviewed the complaint filed in the instant action and has found no allegations that would warrant an inference that Plaintiff is under imminent danger of serious physical injury.

Accordingly, the Court finds that pursuant to 28 U.S.C. § 1915(g), Plaintiff is ineligible to proceed in forma pauperis, and thus Plaintiff should be ordered to pay the $350.00 filing fee for this action before it may proceed.

II. <u>Recommendation</u>

It IS RECOMMENDED that:

1) Pursuant to 28 U.S.C. § 1915(g), Plaintiff be found ineligible to proceed in forma pauperis in this action; and

2) Plaintiff be required to pay the $350.00 filing fee in full within thirty (30) days from the date of service of this order; and

3.  If Plaintiff fails to pay the $350.00 filing fee in full within thirty days, this action should be dismissed, without prejudice.

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the

4

provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 26, 2008**               /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE

5