1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10 | BERNARD ANDREW WHITE,              ) 1:08-cv-00370-LJO-SMS
                                     )
11 |            Plaintiff,            ) ORDER DISMISSING CASE FOR
                                     ) PLAINTIFF'S FAILURE TO FOLLOW A
12 |                                 ) COURT ORDER AND FAILURE TO PAY
       v.                            ) THE FILING FEE (DOCS. 4, 6)
13 |                                 )
   | STATE OF CALIFORNIA,            ) ORDER DIRECTING THE CLERK TO
14 | et al.,                         ) CLOSE THIS ACTION
                                     )
15 |            Defendants.          )
                                     )
16 |                                 )

17

18      Plaintiff is proceeding pro se with an action for damages

19 and other relief concerning alleged civil rights violations.

20      On March 27, 2008, the Magistrate Judge filed findings and a

21 recommendation that the Court require Plaintiff to pay the filing

22 fee because Plaintiff was ineligible pursuant to 28 U.S.C. §

23 1915(g) to proceed in forma pauperis due to three previous

24 dismissals of prisoner lawsuits for failure to state a claim. On

25 May 2, 2008, the Court adopted the Magistrate's findings and

26 recommendations and ordered Plaintiff to pay the filing fee

27 within twenty days of service of the order, which was served on

28 May 2, 2008.

1

1    Twenty days have passed, but Plaintiff has not paid the

2   filing fee as ordered.

3    On April 4, 2008, Plaintiff filed an application to proceed

4   in forma pauperis. The application did not contain any

5   information that would warrant an inference that Plaintiff was

6   under imminent danger of serious physical injury, and the Court

7   denied Plaintiff's application in its order of May 2, 2008,

8   adopting the findings and recommendations.

9    Further, on May 12, 2008, Plaintiff filed untimely

10   objections to the findings and recommendations; review of this

11   document reveals that it did not contain any information that

12   would warrant an inference that Plaintiff was under imminent

13   danger of serious physical injury.

14    Local Rule 11-110 provides that "...failure of counsel or of

15   a party to comply with these Local Rules or with any order of the

16   Court may be grounds for the imposition by the Court of any and

17   all sanctions...within the inherent power of the Court." District

18   courts have the inherent power to control their dockets and "in

19   the exercise of that power, they may impose sanctions including,

20   where appropriate...dismissal of a case." Thompson v. Housing

21   Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an

22   action, with prejudice, based on a party's failure to prosecute

23   an action, failure to obey a court order, or failure to comply

24   with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54

25   (9th Cir. 1995) (dismissal for noncompliance with local rule);

26   Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)

27   (dismissal for failure to comply with an order requiring

28   amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41

1  (9th Cir. 1988) (dismissal for failure to comply with local rule

2  requiring pro se plaintiffs to keep court apprised of address);

3  Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)

4  (dismissal for failure to comply with court order); Henderson v.

5  Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for

6  failure to lack of prosecution and failure to comply with local

7  rules).

8      In determining whether to dismiss an action for lack of

9  prosecution, failure to obey a court order, or failure to comply

10  with local rules, the Court must consider several factors: (1)

11  the public's interest in expeditious resolution of litigation;

12  (2) the court's need to manage its docket; (3) the risk of

13  prejudice to the defendants; (4) the public policy favoring

14  disposition of cases on their merits; and (5) the availability of

15  less drastic alternatives. Thompson, 782 F.2d at 831; Henderson,

16  779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at

17  1260-61; Ghazali, 46 F.3d at 53.

18      In this case, the Court finds that the public's interest in

19  expeditiously resolving this litigation and the Court's interest

20  in managing the docket weigh in favor of dismissal, as the case

21  has been pending since March 2008. The third factor, risk of

22  prejudice to Defendants, also weighs in favor of dismissal

23  because a presumption of injury arises from the occurrence of

24  unreasonable delay in prosecuting an action. Anderson v. Air

25  West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- the

26  public policy favoring disposition of cases on their merits -- is

27  greatly outweighed by the factors in favor of dismissal discussed

28  herein. Finally, a court's warning to a party that his failure to

3

1  obey the court's order will result in dismissal satisfies the

2  "consideration of alternatives" requirement. Ferdik v. Bonzelet,

3  963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at

4  1424. The Court issued an informational order which warned

5  Plaintiff that if the filing fee were not paid in ten days, the

6  failure would be considered to be a failure to comply with an

7  order of the Court pursuant to Local Rule 11-110, and the case

8  would be dismissed. Thus, Plaintiff received adequate warning

9  that dismissal would result from his noncompliance with the

10  Court's order. The ten days have passed, and no fee has been

11  paid.

12      Accordingly, because of Plaintiff's failure to pay the

13  filing fee, it IS ORDERED that

14      1) This action BE DISMISSED; and

15      2) The Clerk of the Court CLOSE THIS ACTION because this

16  order terminates it in its entirety.

17      IT IS SO ORDERED.

18  **Dated:    June 16, 2008                      /s/ Lawrence J. O'Neill**
                                       UNITED STATES DISTRICT JUDGE

4